**Carlos M. VILLALOBOS, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 90–620.**

United States Court of Veterans Appeals.

Nov. 9, 1992.

William G. Smith, Los Angeles, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Carolyn F. Washington, Washington, D.C., were on the motion, for appellee.

Before KRAMER, FARLEY and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Carlos M. Villalobos, appeals a June 22, 1990, decision of the Board of Veterans' Appeals (BVA or Board) which denied him entitlement to service connection for loss of the right eye, stemming from his military service from December 1950 until May 1952. Appellant's entitlement to a grant of service connection was the subject of a prior BVA decision. In May 1988, the BVA determined that the veteran's preservice right eye disorder was not aggravated in service. That decision, which was a de novo review of all the evidence and a reconsideration of several previous Regional Office adjudications, concluded that entitlement to service connection for a right eye disorder was not established.

The appellant attempted to reopen his previously adjudicated case on the basis of "new and material evidence." *See* 38 U.S.C. § 5108 (formerly § 3008); 38 U.S.C. § 7104(b) (formerly § 4004(b)). The BVA decided against him on this issue and determined that the "new" evidence did not alter the factual basis of the previous decision. Before this Court, appellant appeals that decision but also raises, for the first time, the possibility of "obvious" error or "clear and unmistakable" error in previous adjudications.

If there was clear and unmistakable error raised below, and found, then revision of the previous adjudications would be re-

quired. *See* 38 C.F.R. § 3.105(a) (1991). *See also Russell v. Principi,* 3 Vet.App. 310, No. 90–396 (1992) (consolidated with *Collins v. Principi,* No. 90–416, for the purpose of considering the Court's authority to review the issue of "clear and unmistakable error" in BVA decisions) (*Russell*). However, we will not, indeed cannot, consider the issue of "clear and unmistakable" error when it is raised before this Court for the first time. Simply put, there is no decision of the Board concerning "clear and unmistakable" error for us to review. For us to seek and "find" such error de novo we would be required to directly review adjudications over which we have no jurisdiction. *See* Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (VJRA applies only to cases in which a Notice of Disagreement was filed on or after November 18, 1988); 38 U.S.C. § 7266(a) (formerly § 4066(a)) (in order to obtain review of a BVA decision, a Notice of Appeal must be filed with the Court within 120 days after the date of the BVA decision). *Russell,* at 315.

■ Our role when "clear and unmistakable" error is properly raised and adjudicated below is to conduct a limited review to determine whether the Board's decision as to that issue is arbitrary or capricious. *Russell,* at 315. Obviously, as a corollary, there *must* have been a decision of the Board on that specific issue. There was no such decision in this case. The Court will, therefore, limit our review to the issue that the BVA did decide in this case, namely the decision concerning whether "new and material" evidence was presented subsequent to the BVA decision of May 1988.

■ When a veteran seeks to reopen a claim under 38 U.S.C. § 5108 and 38 U.S.C. § 7104 by submitting "new and material" evidence, a two-step analysis is required. *See Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991). The first step is a determination of whether the evidence submitted is actually "new and material." *Id.* If the evidence is determined *not* to be new and material, that is the end of the inquiry and the claim is not reopened. *Id.*

■ This Court reviews the determination of whether "new and material" evidence was submitted de novo. *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). "New and material" evidence is evidence which is not cumulative of previously submitted evidence and which, "when viewed in the context of all the evidence, both new and old, would change the outcome." *Id.* Again, a determination that submitted evidence is cumulative ends the inquiry.

■ In this case, the putatively "new" evidence consisted of: (1) a statement from Dr. Boyce that expanded upon a statement by him that had been previously considered; (2) an Army Physical Evaluation Board (PEB) report, the findings of which were unfavorable to the appellant's claim; (3) a statement from a fellow serviceman; and finally, (4) the appellant's own testimony at his second BVA hearing. The latter two statements were cumulative with material previously considered. The PEB report, which was unfavorable to the appellant's case and *supported* the previous denial, could not trigger a reopening. The only arguably "new" evidence that could require a reopening was Dr. Boyce's second statement.

The Board, in this case, without elaboration or analysis, simply concluded that Dr. Boyce's second statement, while more detailed than the first one, did "not alter the basis used by the Board in the prior denial...." *Carlos M. Villalobos,* BVA 90–03018, at 4 (June 22, 1990). The Court takes this to mean that the Board found Dr. Boyce's second statement to be cumulative. After a review of the two statements, the Court holds that the second statement was cumulative.

Accordingly, the June 22, 1990, decision of the Board is AFFIRMED.