Citation Nr: 1443650 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 04-13 519 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim for service connection for sinusitis.

2. Entitlement to service connection for sleep apnea, to include as secondary to sinusitis.

3. Entitlement to service connection for gout.

4. Entitlement to an initial disability rating in excess of 20 percent for service-connected residuals of a lumbosacral spine injury with degenerative changes.


REPRESENTATION

Veteran represented by: Virginia Girard-Brady, Attorney

WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

Jack S. Komperda, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1969 to March 1979.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from January 2009 and September 2009 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In January 2006, the Veteran testified at a videoconference hearing before a Veterans Law Judge (VLJ) who has since retired from the Board. The issue at that time was whether new and material evidence had been submitted to reopen a claim of service connection for a back disability. That issue has since been resolved. 

In addition to the paper claims file, the Board has reviewed the record maintained in the Virtual VA and Veterans Benefits Management System (VBMS) electronic claims files associated with the Veteran's claim.

The issue of an increased initial rating for residuals of a lumbosacral spine injury is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).

FINDINGS OF FACT

1. A May 1980 rating decision denied service connection for sinusitis; the Veteran did not appeal that decision, and it became final.
 
2. Evidence added to the record since the May 1980 rating decision does not relate to an unestablished fact necessary to substantiate the claim, and does not raise a reasonable possibility of substantiating the claim of entitlement to service connection for sinusitis.

3. The Veteran's sleep apnea is not shown to be causally or etiologically related to any disease, injury, or incident in service, did not manifest during or within one year of the Veteran's discharge from service, and was not caused or aggravated by any service-connected disability.

4. The Veteran's gout is not shown to be causally or etiologically related to any disease, injury, or incident in service, and did not manifest during or within one year of the Veteran's discharge from service.


CONCLUSIONS OF LAW

1. New and material evidence has not been received to reopen the claim of entitlement to service connection for sinusitis. 38 U.S.C.A. § 5108 (West 2002); 38 C.F.R. § 3.156(a) (2013).

2. The criteria for entitlement to service connection for sleep apnea have not been met. 38 U.S.C.A. §§ 1110, 1131, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309, 3.310 (2013).

3. The criteria for entitlement to service connection for gout have not been met. 38 U.S.C.A. §§ 1110, 1131, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309 (2013).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Notice and Assistance

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess v. Nicholson, 19 Vet. App. 473 (2006). Specific notice is required in claims to reopen. Kent v. Nicholson, 20 Vet. App. 1 (2006). Notice was provided in a June 2009 letter to the Veteran. 

The duty to assist has also been satisfied. The Veteran's service treatment records, post-service medical records, Social Security Administration records, and lay statements from the Veteran are in the claims file and were reviewed in connection with his claim. The Veteran has not identified any additional outstanding evidence in this matter that could be used to substantiate his claim. 

The Veteran has not been afforded a VA examination for his claims seeking service connection for gout and sleep apnea; however, based on the evidence in this case, the Board finds that an examination is not necessary. As is discussed in greater detail below, there has been no demonstration of any event, injury or disease in service as to which any of the claimed disabilities may be linked, so as to warrant a VA examination with clinical opinion as to a possible relationship between any current disorder and military service. 38 C.F.R. § 3.159(c)(4) ; McLendon v. Nicholson, 20 Vet. App. 79 (2006). In this case, the available service records are negative for any pertinent complaint or finding in service or for many years thereafter. As the record does not establish the occurrence of an event, injury or disease in service to which any current condition may be related, a VA examination for these issues is not warranted.

In April 2013, the Veteran was afforded a VA examination for his sinusitis; however, because the claim is not reopened, consideration of the adequacy of the examination is not necessary. Woehlaert v. Nicholson, 21 Vet. App. 456 (2007). 

The Board finds that all relevant facts have been properly and sufficiently developed in this appeal and no further development is required to comply with the duty to assist the Veteran in developing the facts pertinent to his claims.

II. New and Material Evidence

The Veteran seeks to reopen a previously denied claim seeking service connection for sinusitis that he maintains is related to active duty service. 

A decision of the RO becomes final and is not subject to revision on the same factual basis unless a notice of disagreement and substantive appeal are filed within the applicable time limits. 38 U.S.C.A. § 7105; 38 C.F.R. §§ 20.302, 20.1103.

If a claim has been previously denied and that decision became final, the claim can be reopened and reconsidered only if new and material evidence is presented with respect to that claim. 38 U.S.C.A. § 5108.

New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

The phrase "raises a reasonable possibility of substantiating the claim" must be viewed as "enabling" reopening of a previously denied claim rather than "precluding" it. Shade v. Shinseki, 24 Vet. App. 110 (2010). Evidence "raises a reasonable possibility of substantiating the claim," if it would trigger VA's duty to provide an examination in adjudicating a non-final claim. 

VA must review all of the evidence submitted since the last final decision on any basis in order to determine whether the claim may be reopened. Evans v. Brown, 9 Vet. App. 273 (1996). 

For the purpose of establishing whether new and material evidence has been received, the credibility of the evidence, but not its weight, is to be presumed. Justus v. Principi, 3 Vet. App. 510 (1992). 

In this case, the Veteran's original claim seeking service connection for sinusitis was denied in a May 1980 rating decision because the evidence of record showed no evidence of service aggravation of the Veteran's pre-existing sinusitis. The rating decision notes that the Veteran was treated for sinusitis in 1971, and in December 1970 he was treated with complaints of headaches which had been present for the past four years. The Veteran did not appeal the May 1980 rating decision and it became final. 

Evidence of record at that time of the last final May 1980 rating decision included the Veteran's service treatment records showing complaints of sinus congestion and rhinitis, as well as the report of an April 1980 VA examination where the Veteran stated he first had sinusitis while in high school, before entering the service, and the condition worsened while in service.

In May 2009, the Veteran filed his current claim to reopen the claims seeking service connection for sinusitis. Evidence received since the last final May 1980 rating decision includes numerous VA medical records which reflect a medical history of treatment for the condition. Among these records is the report of an April 2013 VA respiratory examination in which the examiner concludes that the Veteran's chronic sinusitis was less likely than not (less than 50 percent probability) incurred in or caused by the claimed in-service injury, event or illness. The examiner noted the Veteran's reports of being diagnosed with sinusitis prior to enlistment. He stated that based on the history and review of the claims file, service medical records, and other records, the Veteran's sinusitis started in 1967 before enlistment and started bothering him again in 1971, for which he was treated and improved with no evidence the condition permanently worsened. He noted that the Veteran's 1979 exit examination report showed no complaints of sinusitis. Therefore, the VA examiner opined it was less likely than not that the Veteran's sinusitis was incurred in or caused by service. 

This evidence was not of record at the time of the prior final rating decision, and therefore, the VA treatment records and April 2013 VA examination are new. However, none of these records relate the Veteran's sinusitis to active duty service or provide evidence that his pre-existing condition was permanently aggravated. As such, the Board finds that these medical records are not material. Additional evidence, which consists merely of records of post-service treatment that do not indicate in any way that a condition is service-connected, is not new and material. Cox v. Brown, 5 Vet. App. 95, 99 (1993). The VA examination included a negative opinion as to the etiology of the Veteran's sinusitis, and thus is not new and material evidence. Villalobos v. Principi, 3 Vet. App. 450 (1992). 

As for the Veteran's assertions that his sinusitis is related to service, the Board finds they are not "new" as they are cumulative and redundant of his prior assertions. Further, the Veteran is competent to report his symptoms, such as headaches and congestion, but he is not competent to state that his pre-existing sinusitis was permanently aggravated while in service. Such a complex medical opinion falls outside the realm of common knowledge of a lay person. Jandreau v. Nicholson, 429 F.3d 1372 (Fed. Cir. 2007). The presumption of credibility does not apply where a fact asserted is beyond a person's competency. Jones v. Brown, 12 Vet. App. 383 (1999). Thus, the Veteran's statements do not constitute new and material evidence.

Accordingly, the Board finds that new and material evidence has not been received to reopen his service connection claim for sinusitis. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156.

III. Service Connection

The Veteran seeks service connection for gout and sleep apnea. However, for the reasons detailed below, service connection is not warranted for either condition.

Service connection may be granted for a disability resulting from disease or injury incurred or aggravated during active military service. 38 U.S.C.A. §§ 1110, 1131. Generally, service connection requires (1) the existence of a present disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

With chronic disease shown as such in service so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date are service connected, unless clearly attributable to intercurrent causes. For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. When the disease identity is established, an evidentiary showing of continuity of symptomatology is required only where the condition noted in service is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. 38 C.F.R. § 3.303(b). 

The term "chronic disease," whether as shown during service or manifest to a compensable degree within a presumptive window following service, applies only to those disabilities listed in 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Additionally, chronic diseases such as arthritis may be presumptively service connected if they become manifest to a degree of 10 percent or more within one year of leaving qualifying military service. 38 C.F.R. §§ 3.307(a)(3); 3.309(a).

Notwithstanding the lack of evidence of disease or injury during service, service connection may still be granted if all of the evidence, including that pertinent to service, establishes that the disability was incurred in service. See 38 U.S.C.A. § 1113(b); 38 C.F.R. § 3.303(d); Cosman v. Principi, 3 Vet. App. 503 (1992).

Service connection may also be established on a secondary basis for a disability which is proximately due to or the result of service-connected disease or injury. 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists, and (2) that the current disability was either (a) proximately caused or (b) proximately aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439 (1995).

In this case, the Veteran's service treatment records are silent for symptoms, diagnoses or treatment for either gout or sleep apnea. There is similarly no medical evidence of record suggesting that the Veteran was first diagnosed with either gout or sleep apnea within one year of his separation from service. The Veteran's post-service VA and private medical records reflect that he is currently diagnosed with gout and sleep apnea, yet the records do not demonstrate that any medical professional has ever indicated that his diagnosed conditions may have been related to active duty service. 

The Veteran himself has offered no statements in support of his claim suggesting a continuity of symptomatology for either condition since service. Rather, in an August 2009 statement, the Veteran maintained that his sleep apnea developed as a result of sinus problems he has had since service. However, as the Veteran's sinusitis is not a service-connected disability, service connection for sleep apnea on a secondary basis to sinusitis is not warranted. The Veteran has not explained why he believes his sleep apnea is related to active duty service.

The Veteran's bare assertions with respect to these two service connection claims are not supported by the medical evidence on record. Further, as a layperson, without any medical training or expertise, the Veteran has not shown himself to possess the qualifications to render an etiological opinion as to either his gout or sleep apnea. The disabilities at issue in this case could have multiple possible causes, and thus falls outside the realm of common knowledge of a lay person. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Instead, the Veteran is only competent to comment on observable symptoms (e.g., shortness of breath) he may have experienced during and since service, but not the etiology of his symptoms in terms of whether they are related to active duty service. 

In sum, the evidence of record shows that onset of the Veteran's gout and sleep apnea both occurred more than one year after separation from active duty and have not been shown to be etiologically related to his active service, and sleep apnea has not been shown to be caused or aggravated by any service-connected disability. As the preponderance of the evidence weighs against either of the Veteran's claims, the benefit-of-the-doubt rule does not apply and both service connection claims must be denied. 38 U.S.C.A §5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).


ORDER

New and material evidence not having been received, the application to reopen a claim of entitlement to service connection for sinusitis is denied.

Entitlement to service connection for sleep apnea is denied.

Entitlement to service connection for gout is denied.


REMAND

The Veteran seeks an initial rating in excess of 20 percent for his service-connected lumbosacral spine disability. He was last afforded a VA examination in connection with his back disability in October 2012. 

The Veteran's rating is effective from July 5, 2002. The regulations for rating certain disabilities of the spine were revised, effective September 23, 2002. 67 Fed. Reg. 54345 (August 22, 2002). Additional revisions were made to the rating criteria for disabilities of the spine, as well as re-numbering, effective September 26, 2003. 

To date, the Veteran has not been provided complete notice that includes both the prior and the revised criteria for rating disabilities of the spine. Remand to provide notice and to facilitate that consideration is thus needed. See 38 U.S.C.A. § 5103(A). As the claim is being remanded, a new VA examination should also be conducted to determine the current severity of the Veteran's residuals of lumbosacral spine injury with degenerative changes.

Since the claims file is being returned it should be updated to include any outstanding VA treatment records. See 38 C.F.R. § 3.159(c)(2); see also Bell v. Derwinski, 2 Vet. App. 611 (1992).

Accordingly, the case is REMANDED for the following action:

1. Obtain updated VA treatment records from the El Paso, Texas VA Medical Center dated from March 2014 to the present.

2. Provide the Veteran notice that includes both the prior and the revised criteria for rating disabilities of the spine.

3. After the development sought above is completed, schedule the Veteran for a VA examination to determine the severity of his service-connected lumbosacral spine disability. The claims folder should be forwarded to the examiner for review, and the examiner should be directed to elicit a complete history from the Veteran, the pertinent details of which should be recited in the examination report. All indicated testing should be carried out and the results recited in the examination report. 

The examiner should identify all currently present lumbar spine disorders and their severity. The results of range of motion testing should be reported. Specifically, the examiner should identify any objective evidence of pain and assess the extent of any pain. The extent of any incoordination, weakened movement and excess fatigability on use should be described. To the extent possible, the functional impairment due to incoordination, weakened movement and excess fatigability should be assessed in terms of additional degrees of limitation of motion. Stated differently, the examiner should indicate the point at which pain or any other factor limits motion. 

The examiner should specifically address all associated neurological symptoms related to the Veteran's lumbar spine disability and the nerves affected. Any paralysis, neuritis, or neuralgia should be characterized as mild, moderate or severe. 

If intervertebral disc syndrome is identified, the examiner should indicate whether such is productive of incapacitating episodes. If incapacitating episodes are identified, the examiner should state their frequency.

4. Then re-adjudicate the Veteran's claim, with consideration of the both the old and new rating criteria and appropriateness of staged ratings. If any benefit remains denied, issue an appropriate Supplemental Statement of the Case (SSOC), and give the Veteran and his representative an appropriate opportunity to respond. The case should then be returned to the Board, if otherwise in order, for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate

 action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



______________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs