http://www.va.gov/vetapp16/Files6/1644970.txt

Citation Nr: 1644970 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 09-22 113 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia

THE ISSUES

1. Whether new and material evidence has been received to reopen a previously denied claim for entitlement to service connection for a back disability, claimed as secondary to a service-connected right knee disability.

2. Entitlement to a disability rating in excess of 20 percent for service-connected right knee, post-surgery with instability, prior to June 1, 2010, and in excess of 30 percent from June 1, 2010. 

3. Entitlement to an initial disability rating in excess of 10 percent for service-connected traumatic arthritis, right knee, with limitation of motion (now rated as traumatic arthritis of the right knee with atrophy of the calf), prior to June 1, 2010, and in excess of 30 percent from June 1, 2010.

4. Entitlement to a total rating for compensation purposes based on individual unemployability (TDIU).

REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

J. Davitian, Counsel

INTRODUCTION

The Veteran had active military service from August 1971 to July 1973, and from August 1978 to May 1980. 

These matters come before the Board of Veterans' Appeals (Board) in part from a February 2008 rating decision of the Department of Veterans Affairs (VA), Regional Office (RO) in Huntington, West Virginia. The rating decision increased the evaluation for traumatic arthritis, right knee, post-surgery with instability, weakness, fatigue and limitation of motion to 20 percent. 

In a February 2009 rating decision, the RO assigned a separate 10 percent evaluation for traumatic arthritis of the right knee with limitation of motion, effective from August 2007. In an October 2012 rating decision, the RO assigned a 30 percent rating for right knee traumatic arthritis with atrophy of the calf and a 30 percent rating for right knee, post-surgery with instability, effective from June 1, 2010. A February 2013 rating decision essentially reopened a claim for service connection for a back disability and denied it on the merits. An April 2013 rating decision denied a TDIU. 

In August 2010, the Veteran testified at a Board hearing before the undersigned Veterans Law Judge. A transcript of that hearing is of record. 

When these matters were previously before the Board in October 2010 and October 2013, they were remanded for further development. Pursuant to the October 2013 remand, in July 2014 the Veteran was provided a statement of the case for the new and material issue. The Veteran thereafter submitted a timely substantive appeal and this issue remains before the Board. 

The October 2013 remand also remanded a claim for an effective date prior to August 17, 2007, for a 20 percent evaluation for right knee, post-surgery with instability. A July 2014 rating decision granted an earlier effective date of December 7, 2004, for the 20 percent evaluation. The rating decision noted that this action represented a total grant of the issue sought on appeal, and that the issue was considered to be fully and favorably resolved. The December 2004 date was the date identified by the Board in the October 2013 remand. A September 2016 Informal Hearing Presentation did not object to the newly assigned effective date, and in fact did not even identify the issue as being on appeal. There is no reason for the Board to find that the July 2014 rating decision was not a total grant of the issue sought on appeal. As a result, the issue of for an earlier effective date for a 20 percent evaluation for right knee, post-surgery with instability, is not before the Board.

In September 2014 correspondence, the Veteran stated that his back disability was a result of his service-connected right knee disabilities, not his active duty. The Board observes that reliance upon a new etiological theory (that the Veteran's back disability is secondary to service-connected disability) is insufficient to transform a claim that has been previously denied into a separate and distinct, or new, claim. See Ashford v. Brown, 10 Vet. App. 120 (1997); but see Ephraim v. Brown, 82 F.3d 399, 402 (Fed. Cir. 1996) (where a prior claim for service connection has been denied, and a current claim contains a different diagnosis (even one producing the same symptoms in the same anatomic system), a new decision on the merits is required. Thus, in the present case the Veteran is still required to present new and material evidence in support of his claim. 

The Board also notes that irrespective of the RO's February 2013 determination to reopen the claim, the Board must adjudicate the new and material issue to determine the Board's jurisdiction to reach the underlying claim and to adjudicate it de novo. See Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001). 

The issues increased rating for service-connected right knee, post-surgery with instability; traumatic arthritis, right knee, with limitation of motion (now rated as traumatic arthritis of the right knee with atrophy of the calf); and entitlement to a TDIU are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).

FINDINGS OF FACT

1. An August 1996 rating decision denied service connection for herniated nucleus pulposus, lumbar spine; the Veteran did not submit a notice of disagreement for that decision and it became final.

2. A December 2002 rating decision reviewed service treatment records not available at the time of the August 1996 rating decision, and denied service connection for herniated nucleus pulposus, lumbar spine, postoperative; the Veteran did not submit a notice of disagreement for that decision and it became final. 

3. Evidence added to the record since the December 2002 rating decision does not relate to an unestablished fact necessary to substantiate the Veteran's claim for service connection for a back disability, claimed as secondary to a service-connected right knee disability, and does not raise a reasonable possibility of substantiating that claim.

CONCLUSIONS OF LAW

1. The December 2002 rating decision that denied service connection for herniated nucleus pulposus, lumbar spine, postoperative is final. 38 U.S.C.A. § 7105 (West 2015). 

2. Evidence received since the December 2002 rating decision is not new and material, and the claim for service connection for a back disability, claimed as secondary to a service-connected right knee disability, is not reopened. 38 U.S.C.A. §§ 5107, 5108 (West 2015); 38 C.F.R. § 3.156 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

With respect to the Veteran's claim herein, VA met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2015); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

Generally the duty to assist also includes providing a medical examination or obtaining a medical opinion when such is necessary to make a decision on the claim. When a claim is one to reopen a finally decided claim, however, VA is not obligated to provide a medical examination or obtain a medical opinion until new and material evidence has been received. See 38 C.F.R. § 3.159 (c)(4)(iii). Although VA conducted an examination for the Veteran's back claim in January 2013, consideration of whether that examination is adequate is not necessary since the Board finds that the Veteran has failed to submit new and material evidence to reopen his claim for service connection. Woehlaert v. Nicholson, 21 Vet. App. 456 (2007).

If a claim has been previously denied and that decision became final, the claim can be reopened and reconsidered only if new and material evidence is presented with respect to that claim. 38 U.S.C.A. § 5108.

New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

VA must review all of the evidence submitted since the last final decision in order to determine whether the claim may be reopened. See Hickson v. West, 12 Vet. App. 247, 251 (1999). For purposes of reopening, the Board must presume the credibility of newly submitted evidence. Justus v. Principi, 3 Vet.App. 510 (1992). 

The Court of Appeals for Veterans Claims (Court) has interpreted the language of 38 C.F.R. § 3.156(a) as creating a low threshold, and viewed the phrase "raises a reasonable possibility of substantiating the claim" as "enabling rather than precluding reopening." The Court emphasized that the regulation is designed to be consistent with 38 C.F.R. § 3.159(c)(4), which "does not require new and material evidence as to each previously unproven element of a claim." Shade v. Shinseki, 24 Vet. App. 110 (2010) (noting that evidence "raises a reasonable possibility of substantiating the claim," if it would trigger VA's duty to provide an examination in adjudicating a non-final claim); see also Evans v. Brown, 9 Vet. App. 273, 284 (1996) (finding that the newly presented evidence need not be probative of all the elements required to award the claim, but only need to be probative in regard to each element that was a specified basis for the last disallowance).

The August 1996 rating decision that denied service connection for herniated nucleus pulposus, lumbar spine, explained that the Veteran's service treatment records were negative for injury to the back or diagnosis of herniated nucleus pulposus, and there was no evidence linking the claimed disability to service. Evidence of record at that time included the Veteran's service treatment records for the period from 1971 to 1973, and post-service VA medical records. A January 1996 VA examination resulted in a pertinent diagnosis of status-post laminectomy with fusion of the lumbosacral spine from L4 to the upper segment of the sacrum with degenerative changes of the lumbosacral spine. The Veteran did not appeal the determination and it became final.

The December 2002 rating decision that denied service connection for herniated nucleus pulposus, lumbar spine, postoperative, reviewed service treatment records dated from August 1978 to May 1980 that were not available at the time of the August 1996 rating decision. The rating decision explained that these service treatment records showed no findings regarding the claimed disability. Evidence of record at that time included the Veteran's service treatment records and post-service VA medical records. The Veteran did not appeal the determination and it became final. 

Evidence received since the December 2002 rating decision includes medical records from the Social Security Administration (SSA) dated prior to the December 2002 rating decision and additional VA treatment records dated since the December 2002 rating decision. Although new, these medical records do not include any evidence that the Veteran's back disability is related to active duty, or was proximately caused or aggravated by service-connected disability. They simply do not relate to an unestablished fact necessary to substantiate the claim for service connection for a back disability, claimed as secondary to a service-connected right knee disability. They do not raise a reasonable possibility of substantiating that claim. See Shade, supra, at p. 17 (explaining that the language of 38 C.F.R. § 3.156(a) "suggests a standard that would require reopening if newly submitted evidence, combined with VA assistance and considering other evidence of record, raises a reasonable possibility of substantiating the claim"). Thus, the medical records from SSA and the additional VA treatment records are not material within the meaning of 38 C.F.R. § 3.156(a).

The report of the January 2013 VA examination of the Veteran's back provides the medical opinion that the Veteran's claimed condition [diagnosed within the report as lumbar spine degenerative arthritis with diffuse spondylosis s/p laminectomies] was less likely as not (less than 50 percent probability) incurred in or caused by the claimed in-service injury, event or illness. The report explained that degenerative arthritis of the spine was also known as osteoarthritis or spondylosis. It was extremely common, though women and individuals over 50 years of age were especially vulnerable. Spondylosis was an aging phenomenon. With age, the bones and ligaments in the spine wear, leading to bone spurs (osteoarthritis). Also, the intervertebral discs degenerate and weaken which could lead to disc herniation and bulging discs. Spondylosis was common. Over 80% of people over the age of 40 had evidence of spondylosis on X-ray studies. The Veteran was 59 years of age. 

A December 2013 VA Disability Benefits Questionnaire (DBQ) Medical Opinion addressing the Veteran's right knee provides that it seemed apparent to the examiner that the Veteran's back injury had resulted in worsening of his right knee symptoms, and it was not the other way around. 

Although new, the January 2013 VA examination report and the VA December 2013 DBQ medical opinion do not include any evidence that the Veteran's back disability is related to active duty, or was proximately caused or aggravated by service-connected disability. They simply do not relate to an unestablished fact necessary to substantiate the claim for service connection for a back disability, claimed as secondary to a service-connected right knee disability. They do not raise a reasonable possibility of substantiating that claim. See Shade, supra, at p. 17 (explaining that the language of 38 C.F.R. § 3.156(a) "suggests a standard that would require reopening if newly submitted evidence, combined with VA assistance and considering other evidence of record, raises a reasonable possibility of substantiating the claim"). Thus, the January 2013 VA examination report and the December 2013 VA DBQ Medical Opinion are not material within the meaning of 38 C.F.R. § 3.156(a). 

Moreover, as the December 2013 VA DBQ Medical Opinion weighs against the claim for service connection on a secondary basis, it does not raise a reasonable possibility of supporting the claim. Evidence that is unfavorable to the appellant's case and which supports the previous denial cannot trigger a reopening of the claim. See Villalobos v. Principi, 3 Vet. App. 450, 452 (1992). 

Subsequent to the December 2002 rating decision, the Veteran has offered additional written contentions in support of his claim. The Board finds that these assertions are redundant of the appellant's prior contentions that were already considered and rejected by the December 2002 rating decision. See Reid v. Derwinski, 2 Vet. App. 312, 315 (1992).

In sum, the new evidence received since the December 2002 rating decision raises no reasonable possibility of substantiating the claim for entitlement to service connection for a back disability, claimed as secondary to a service-connected right knee disability. Thus, that evidence is not material within the meaning of 38 C.F.R. § 3.156(a) and the claim is not reopened.

ORDER

New and material evidence not having been received, the claim to reopen a previously denied claim for entitlement to service connection for a back disability, claimed as secondary to a service-connected right knee disability, is denied.

REMAND

The Veteran was most recently provided DBQs for the right knee in September 2012 and April 2014. The Board observes that these DBQs are inadequate. They relate that the Veteran complained of right knee pain and provide some findings as to pain on motion, but do not include a separate Section V for pain. As a result they do not address pain on both active and passive motion, or in weight-bearing and nonweight-bearing. See 38 C.F.R. § 4.59; Correia v. McDonald, 28 Vet. App. 158 (2016). The proper adjudication of the Veteran's claims requires adequate pain and range of motion testing pursuant to 38 C.F.R. § 4.59. 

The Veteran's TDIU claim is inextricably intertwined with the other issues being remanded. See Harris v. Derwinski, 1 Vet. App. 180 (1991). 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an appropriate VA examination to determine the nature, extent and severity of his service-connected right knee disability with instability and limitation of motion (now rated as traumatic arthritis of the right knee with atrophy of the calf). Copies of all pertinent records from the Veteran's eFolders should be made available to the examiner. All indicated tests should be performed. The examiner is requested to delineate all symptomatology associated with, and the current severity of, the disabilities. The appropriate DBQ should be filled out for this purpose, if possible.

In particular, the examiner must test the range of motion in active motion, passive motion, weight-bearing, and nonweight-bearing, for the joints in question and any paired joints (i.e., to include the left knee). 

If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, the examiner should clearly explain why that is so. 

2. Then, readjudicate the Veteran's claim. If any benefit sought on appeal remains denied, the appellant and his representative should be provided a supplemental statement of the case (SSOC) that considers all evidence added to the record since a September 2015 SSOC, and afforded an opportunity to respond. The case should be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2015).

______________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs